SO ORDERED.

SIGNED this 8th day of February, 2021.



_____
Dale L. Somers
United States Chief Bankruptcy Judge

_____

Designated for online use but not print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **Dewey Dennis Preston,** | Case No. 18-41253 |
| Debtor. | Chapter 12 |
| **Equity Bank,** | |
| Plaintiff, | |
| v. | Adv. No. 19-07004 |
| **Dewey Dennis Preston,** | |
| Defendant. | |

**Memorandum Opinion and Order Granting
Plaintiff's Motion for Leave to File Amended Complaint**

This adversary proceeding is before the Court on Plaintiff Equity Bank's Motion for Leave to Add Additional Party and Amend Complaint (Motion).[1] Terry Preston, the party sought to be added as a defendant, opposes the Motion[2] and asserts that the claims sought to be alleged against him are not within the Court's jurisdiction.[3] For the reasons discussed below, the Court grants the Motion, finding that the additional claims alleged in the proposed amended complaint are within the "related to" jurisdiction of the Court.

I.  **Background Facts**

Equity Bank is a secured creditor of Chapter 12 Debtor Dewey Dennis Preston. Debtor commonly refers to himself as Dennis Preston. Equity Bank's

---

[1] Doc. 80. Equity Bank appears by Jacob R. Pugh.

[2] Mr. Preston appears by Tom R. Barnes, II.

[3] This Court has jurisdiction over the parties and the subject matter of the complaint as initially filed pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *available in* D. Kan. Rules of Practice and Procedure at 168. Furthermore, this Court may hear and finally adjudicate the dischargeability counts against a debtor because they are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). The Court also has jurisdiction to determine its own jurisdiction over the counts sought to be added by the proposed amended complaint. *E.g., United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988).

2

proof of claim is for $1,650,111.40, secured by real and personal property, including crops. Equity Bank initiated this adversary proceeding against Debtor on February 20, 2019, seeking a ruling that its claim is nondischargeable to the extent of the value of Debtor's 2017 milo crop. It alleges that to secure loans made to Debtor, Equity Bank was granted a perfected security interest in the milo crop, and gave notice of its security interest to potential purchasers, Western Plains and Frontier Ag. Equity Bank alleges that thereafter, Debtor, knowing of the bank's interest, fraudulently sold the 2017 milo crop to these purchasers using the names 36P Farms and TD Farms, rather than Dennis Preston or Preston Farms, and did not remit the proceeds of approximately $242,600 to Equity Bank. In the complaint as originally filed, Equity Bank seeks a ruling that its claim is nondischargeable to the extent of the value of the milo crop under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), and a monetary judgment against Debtor for the value of the crop. Substantial discovery has been completed.

Terry Preston, the son of Debtor Dewey Dennis Preston, has not filed a proof of claim or otherwise participated in his father's bankruptcy. Equity Bank alleges in its Motion that during discovery related to the dischargeability of its claims against Debtor, it learned that Terry Preston assisted his father in the forgoing sales of the 2017 milo crop under accounts

3

Case 19-07004    Doc# 150    Filed 02/08/21    Page 3 of 9

other than Dennis Preston. The proposed amended complaint, attached to the Motion, alleges four state law claims against Terry Preston: (1) civil conversion of Debtor's 2017 milo crop; (2) unjust enrichment through Terry Preston's assisting Debtor in selling the 2017 milo crop through 36P Farms and TD Farms; (3) negligence arising from Terry Preston's alleged breach of duty not to impair Equity Bank's rights in the 2017 milo crop; and (4) fraud arising from making false representations as to the ownership of the 2017 milo crop and whether it was subject to Equity Bank's security interest.

When opposing the Motion, Terry Preston makes a limited appearance, arguing that this Court would not have jurisdiction over claims which Equity Bank seeks to assert against him. The Court concludes that leave to file the proposed amended complaint should be granted, since the Court would have "related to" jurisdiction over the causes of action asserted against Terry Preston.

## II. Analysis

Federal court jurisdiction over bankruptcy cases and proceedings in bankruptcy cases is granted by 28 U.S.C. § 1334(a) ("all cases under title 11") and (b) ("all civil proceedings arising under title 11, or arising in or related to cases under title 11"). The district courts, under the authority of 28 U.S.C. § 157(a), have referred matters within their § 1334(a) and (b) jurisdiction to the

bankruptcy courts. Therefore, bankruptcy court jurisdiction is limited to: (1) cases under title 11; (2) civil proceedings arising under title 11; (3) civil proceedings arising in cases under title 11; and (4) civil proceedings related to cases under title 11.

Cases under title 11 are bankruptcy proceedings, such as the Chapter 12 petition which initiated Debtor's underlying bankruptcy case. The state law claims against Terry Preston do not allege a cause of action under title 11.

Civil proceedings arising under title 11 are causes of action created by title 11. Examples are "exemption claims under 11 U.S.C. § 522, avoidance actions under 11 U.S.C. §§ 544, 547, 548, or 549, or claims of discrimination under 11 U.S.C. § 525."[4] This is the basis for the Court's jurisdiction over the dischargeability claims against Debtor. Although Equity Bank argues that the Court has jurisdiction over the claims sought to be added in the proposed amended complaint against Terry Preston because it asserts a fraudulent conveyance claim, examination of the proposed complaint does not support this argument. There is no claim of fraudulent conveyance or any other claim arising under title 11 asserted in the proposed complaint against Terry

---

[4] *Personette v. Midgard Corp. (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997).

5

Present. Equity Bank's proposed claims against Terry Preston are civil proceedings arising under state law, not under title 11.

Civil proceedings arising in cases under title 11 are "those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code."[5] Equity Bank's proposed state law claims against Terry Preston can exist outside of bankruptcy. They did not arise in the Chapter 12 case.

This leaves "related to" jurisdiction as the only possibility, and the Court concludes that the claims alleged in the proposed amended complaint against Terry Preston come within this fourth category. The widely accepted definition of a "related to" proceeding was articulated by the Third Circuit Court of Appeals in *Pacor*[6] and adopted by the Tenth Circuit Court of Appeals in *Gardner*.[7] Under this test, a "related to" proceedings is one which could have been commenced in federal or state court independently of the bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[8] "Although

---

[5] *Id.*

[6] *Pacor v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).

[7] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[8] *Pacor*, 743 F.2d at 994.

6

the courts agree in general terms on the test for determining whether or not a proceeding is 'related to' a bankruptcy case, they nevertheless have reached widely divergent results because the agreed standard is not sufficiently specific."[9]

Neither party has provided the Court with case law arising from circumstances similar to this case. Both argue the general test. Equity Bank submits that a judgment against Terry Preston will have a direct effect on its claim. Terry Preston argues that a judgment would only add another judgment debtor; that a judgment would have no effect on the estate unless it is collected; that while it is always better to have two debtors liable for a debt, that alone does not establish a real benefit to anyone other than the creditor and will allow for more difficulty in the adversary proceeding.

The Court also has found no cases arising from similar factual circumstances. However, this case has similarity to cases where courts have addressed whether a suit against a debtor's guarantor is within the "related to" jurisdiction. "Most courts which have adopted *Pacor's* broad test of 'related to' jurisdiction have found that suits by a creditor against a guarantor of a bankruptcy debtor's obligations are related to the bankruptcy case of the

---

[9] 1 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d* § 4:102 (Thomson Reuters 2020).

7

debtor."[10] One reason is dicta in *Pacor* stating that "an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status vis a vis other creditors, and administration of the estate therefore depends upon the outcome of that litigation."[11] Based upon review of cases finding guarantee claims to be within bankruptcy "related to" jurisdiction, one court has summarized two rationale for inclusion of such cases in "related to" jurisdiction because of the possibility of an impact on the estate.[12] First, if a creditor recovers against a guarantor, the creditor's claims against the estate will be reduced. Even if the guarantor obtains a corresponding claim based upon subrogation or indemnification, there will be a change of the creditor body, affecting the administration of the estate. Second, in some cases there would not be a mere substitution of creditors, since the reimbursement claim could be for a different amount or subject to defenses that could not be asserted against the common creditor.

The Court finds these rationale applicable here. Successful litigation against Terry Preston would give Equity Bank another source for collection

---

[10] *Bank of New York Mellon v. Am. Realty Trust, Inc. (In re Am. Mart Hotel Corp.)*, No. 10-36776-SGJ116, 2011 WL 652762, at *3 (Bankr. D. Colo. Feb. 7, 2011).

[11] *Pacor*, 743 F.2d at 995.

[12] *Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 891 (Bankr. S.D.N.Y. 2008).

for its claim against the estate. In addition, liability of Terry Preston to Equity Bank could result in other than a simple substitution of creditors because of the possibility that Debtor would have defenses to the reimbursement claim that are not available against Equity Bank.

### III. Conclusion

For the forgoing reasons, the Court grants the Motion. The amended complaint's state law claims against Terry Preston are within the "related to" jurisdiction of this Court.

**It is so Ordered.**

###